IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SCOTT EARL JOHNSON, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:19-CV-215-Z |
| | § | |
| GRAY COUNTY SHERIFF'S OFFICE, | § | |
| | § | |
| Respondent. | § | |

**<u>FINDINGS, CONCLUSIONS AND RECOMMENDATION</u>**
**<u>TO DENY PETITION FOR A WRIT OF HABEAS CORPUS</u>**

Before the Court is the *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by petitioner challenging the constitutional validity or legality of the state court proceedings resulting in an Order deferring adjudication and placing petitioner on deferred adjudication community supervision. [ECF 5]. For the following reasons, petitioner's habeas application should be DENIED.

I.
<u>BACKGROUND</u>

On February 27, 2018, petitioner was arrested and charged in Gray County, Texas with the state jail felony offense of Theft.[1] [ECF 26-1 at 4, 26-2 at 8). On March 2, 2018, the state trial

---

[1] The form completed by the Justice of the Peace at petitioner's initial appearance indicated petitioner was accused of the criminal offense of "THEFT OF PROPERTY [/] GRAVE/HUMAN CORPSE/MILITARY MARKER – SJF [state jail felony]." [ECF 26-1 at 4]. As relevant here, Texas statute provided at the time of the offense that "a person commits an offense [of Theft] if he unlawfully appropriates property with intent to deprive the owner of property. Appropriation of property is unlawful if: it is without the owner's effective consent." Tex. Penal Code § 31.03(a), (b)(1) (2018). A Theft offense was classified as a state jail felony if "the property is stolen from the person of another or from a human corpse or grave, including property that is a military grave marker" regardless of the value of the property stolen. Tex. Penal Code § 31.03(e)(4)(B) (2018).

court appointed counsel to represent petitioner on the charge. [ECF 26-1 at 6].

On April 18, 2018, petitioner was charged by Information in Gray County, Texas with the state jail felony offense of "Theft from Person" in violation of section 31.03(e)(4)(B) of the Texas Penal Code. *State v. Johnson*, No. 10,838. [*Id.* at 2]. Specifically, it was alleged that on or about February 27, 2018, petitioner:

> [D]id then and there unlawfully appropriate, by acquiring or otherwise exercising control over, property, to-wit: money bag with [US] currency, from the person of Dustin Spear, the owner thereof, without the effective consent of the owner, and with intent to deprive the owner of the property.

[*Id.*].

On April 19, 2018, petitioner filed a *Waiver of Indictment* together with a *Motion for Deferred Adjudication – Felony* requesting he be placed on probation and that the court defer adjudication of guilt on the offense charged in the Information. [*Id.* at 8, 10-11]. Petitioner then appeared in open court that same date with appointed counsel and entered a plea of guilty to the charged offense as part of a plea agreement. [*Id.* at 3, 8]. After finding petitioner made his plea freely, knowingly, and voluntarily and that the evidence substantiated petitioner's guilt [*Id.* at 14], the 31st Judicial District Court entered an *Order of Deferred Adjudication* deferring the proceedings without entering an adjudication of guilt and placing petitioner on community supervision for a period of three (3) years, so long as petitioner abided by and did not violate the terms and conditions of his community supervision. [*Id.* at 19-20]. The trial court also entered a separate order imposing various conditions of community supervision. [*Id.* at 21-23]. The trial court certified petitioner did not have a right of appeal due to his guilty plea being the result of a plea bargain and further noted petitioner waived the right to appeal. [*Id.* at 26]. As conceded by petitioner [ECF 5 at 3] and as reflected by the current Texas Judicial Branch online resource,[2]

---

[2] http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c

petitioner did not file a direct appeal of the state court's *Order of Deferred Adjudication*. [ECF 26-4]. Petitioner also concedes he did not file any petitions for a state writ of habeas corpus challenging the Order deferring adjudication of guilt and placing him on probation. [ECF 9].

On August 23, 2018, just over four (4) months after he was placed on deferred adjudication probation, the State filed a motion to revoke petitioner's community supervision for failure to comply with the terms and conditions of said supervision, and to proceed with a final adjudication of petitioner's guilt on the original charge of Theft from Person to which he had pleaded guilty. [ECF 26-1 at 29-31]. That same date, the court ordered that a warrant for petitioner's arrest issue. [*Id*. at 32].

On November 5, 2019, more than a year after the issuance of the arrest warrant, petitioner was arrested pursuant to the warrant and eventually placed in the Gray County Jail. [*Id*. at 33; ECF 26-2 at 4-5].

On November 18, 2019, petitioner purportedly placed the instant federal application for habeas corpus in the Gray County Jail mail system, said application being received and file-stamped by this Court on November 19, 2019, and this federal habeas corpus proceeding opened. [ECF 3]. On November 20, 2019, the state trial court appointed counsel to represent petitioner in the motion to proceed with adjudication proceeding. [ECF 26-1 at 36]. On November 27, 2019, in response to an Order of this Court, petitioner filed an amended petition for a writ of habeas corpus. [ECF 5].

## II.
## PETITIONER'S ALLEGATIONS

In his amended habeas application, petitioner contends he is being held in violation of the Constitution and laws of the United States because, during the <u>initial</u> proceeding in which

petitioner entered a guilty plea to the charge of Theft of Person and the state trial court entered an *Order Deferring Adjudication of Guilt* and placing petitioner on deferred adjudication probation:

1. the evidence was insufficient to support his guilty plea to the charged offense; and

2. petitioner is actually innocent of the charged offense.

## III.
## RESPONSIVE PLEADINGS

On December 20, 2019, in response to an Order of the Court, petitioner filed a pleading advising he is currently awaiting a hearing on the State's motion to proceed with adjudication of guilt on the original charge of Theft of Person and acknowledges the trial court has not entered a final Order adjudicating guilt and/or Judgment in *State v. Johnson*, No. 10,838. [ECF 9]. Petitioner also advised the Court he is attempting to challenge the state trial court's original April 19, 2018 Order deferring adjudication of guilt and placing him on community supervision. [*Id.*].

On February 27, 2020, respondent filed a Preliminary Answer asserting petitioner's habeas application should be dismissed as time barred. In the Preliminary Answer, respondent fully and accurately briefs statutory and case law regarding the statute of limitations in federal habeas corpus cases. Respondent also sets forth relevant dates in this case and analyzes the timeliness of petitioner's habeas application. Respondent also asserts petitioner's habeas application should be dismissed for failure to exhaust state court remedies. [ECF 25].

On March 9, 2020, petitioner filed a reply in opposition to respondent's Preliminary Answer wherein he appears to argue his state criminal case should be dismissed because of a purported discrepancy between the Theft offense with which he was originally charged (as set out in the form order completed by the Justice of the Peace at his initial appearance, to-wit: Theft (of property, grave, human corpse or military marker), and the "Theft from Person" offense with

which he was ultimately charged in the Information. In his reply, petitioner also again asserts his innocence of the Theft from Person charge and maintains he was "wrongly accused." Critically, petitioner does not address either the time bar or failure to exhaust issues raised by respondent in the Preliminary Answer. [ECF 30].

On March 18, 2020, respondent filed a sur-reply to petitioner's reply addressing petitioner's argument of a charging discrepancy and again asserting petitioner's federal habeas application should be dismissed as time barred or for failure to exhaust state court remedies. [ECF 31].[3]

## IV.
## STATUTE OF LIMITATIONS AND TIME BAR ISSUE

Title 28 U.S.C. section 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] The record provided by respondent does not specifically reflect that petitioner, who has not been released on bail, has filed, through his counsel, a motion for a hearing on the alleged violations. As of the date of the last pleading filed in this case, the trial court had not yet held a hearing to determine whether petitioner violated the terms and conditions of his deferred adjudication community supervision, nor whether the court would proceed with an adjudication of guilt on the original charge. Consequently, the trial court had not granted the State's motion to adjudicate petitioner's guilt, adjudged petitioner guilty of the offense of Theft from Person as originally alleged, or assessed petitioner's sentence. To this Court's knowledge, no *Judgment Adjudicating Guilt* has been signed and entered.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### A. Start of the Limitation Period

Petitioner's claim that there was insufficient evidence to support his guilty plea to the Theft from Person offense arose at the time of his original guilty plea proceeding and relates to the state trial court's initial entry of the April 19, 2018 Order placing petitioner on deferred adjudication community supervision. Under Texas law, a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication community supervision is <u>first</u> imposed. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999). Here, the state trial court entered the Order placing petitioner on deferred adjudication probation on April 19, 2018. Petitioner had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of the Order deferring adjudication and placing petitioner on community supervision. *See* Tex. R. App. P. 26.2(a)(1). Petitioner failed to do so.

For purposes of section 2244(d)(1), an order deferring adjudication following a guilty plea is a final judgment. *Tharpe v. Thaler*, 628 F.3d 719, 724 (5th Cir. 2010); *Caldwell v. Dretke*, 429 F.3d 521, 529 (5th Cir. 2005). Because petitioner failed to file an appeal, the deferred adjudication order became "final" under 2244(d)(1)(A) upon the expiration of the 30-day appellate period, or on May 21, 2018. *See* Tex. R. App. P. 26.2(a)(1); Tex. R. Civ. P. 4 (if the last day of the period falls on a weekend, the period runs until the end of the next day that is a weekday). The limitation

period for petitioner's claims thus began to run on the date the original order deferring adjudication became final, *i.e.*, on **May 21, 2018**, when the time for filing an appeal expired. Petitioner thus had one year, or until **May 21, 2019**, to file a federal habeas corpus proceeding raising any complaints regarding deficiencies during the initial deferred adjudication proceedings.[4] Therefore, any federal habeas application petitioner wished to file asserting these claims had to be filed no later than May 21, 2019 to be timely under the limitations period.

---

[4] Petitioner has presented nothing indicating a provision other than 28 U.S.C. § 2244(d)(1)(A) is applicable to this case.

B. <u>Statutory and Equitable Tolling</u>

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Here, however, petitioner has not filed a state habeas application and is not entitled to any statutory tolling to extend the limitations period with regard to his claims.

The one-year statute of limitations on petitions for federal habeas relief by state prisoners is not a jurisdictional bar and thus is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). Here, however, petitioner has not asserted, much less demonstrated, he is entitled to any periods of equitable tolling.

C. <u>Actual Innocence Gateway</u>

Notwithstanding the fact that petitioner, in open court, entered a plea of guilty to Theft from Person and executed a judicial confession admitting he committed the acts alleged in the Information, he now appears to contend he is innocent of the charged offense. Petitioner appears to assert his employer's video surveillance tapes would have proven his innocence, but that his *pro se* letter requests for discovery of the tapes prior to his guilty plea to the Theft from Person offense were ignored by the trial court. The undersigned liberally construes petitioner's argument to be that he is actually innocent of the offense of Theft from Person and that his actual innocence of the offense should excuse him from any applicable time bar in this case.

A credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. (*quoting Herrera v. Collins*, 506 U.S.390, 404, 113 S.Ct. 853 (1993)). A habeas petitioner, who seeks to surmount a procedural

default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623-24 (1998).

Petitioner fails to make the necessary showing of actual innocence. Petitioner simply makes the conclusory, self-serving and unsupported claim that a video surveillance tape exists, that such tape allegedly recorded petitioner and the victim on February 27, 2018 at the precise time the Theft from Person was alleged to have occurred, and that such surveillance tape would conclusively show petitioner did not unlawfully take the victim's property from the victim's person. Petitioner does not elaborate as to how the alleged tape would conclusively demonstrate petitioner's actual innocence of the Theft from Person offense, nor does he present any other credible and reliable evidence averring that such a tape even exists. Moreover, petitioner acknowledges he was aware, at the time of the underlying guilty plea proceeding, of the alleged existence of this tape that he contends could be potentially exculpatory evidence. Furthermore, petitioner has not shown that even though the alleged tape was not produced in response to his *pro se* letters to the trial court, that such alleged tape was not available to his defense counsel through proper discovery. Petitioner has not presented any evidence to the Court, much less "new, reliable evidence" that was not previously presented and was unavailable in the underlying proceedings, to demonstrate his actual innocence of the offense of Theft from Person. Furthermore, even assuming the existence of such evidence, petitioner has not shown it is more likely than not that,

"in light of the new evidence," no fact finder, acting reasonably, would have found petitioner guilty.

The undersigned further notes, as set out previously, that petitioner pleaded guilty as alleged in the Information and averred he committed each and every allegation contained in the Information and that he was guilty of the offense. Judicial confessions "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas corpus review. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Likewise, "[solemn] declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy."); *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994) ("Appellants face a heavy burden in proving that they are entitled to relief because such testimony in open court carries a strong presumption of verity."). A defendant's representations at the plea hearing, as well as the findings made by the trial judge accepting the plea, create a formidable barrier to a subsequent collateral attack. *Blackledge*, 431 U.S. at 74. Petitioner has not demonstrated he is actually innocent of the charged offense and, thus, he has not overcome any procedural time bar for filing a federal habeas corpus petition.

### D. Findings and Conclusions

The undersigned makes the following findings and conclusions as to the time bar issue:

1. The state trial court entered the *Order of Deferred Adjudication* on April 19, 2018. Petitioner did not file a direct appeal of this Order with the appropriate state appellate court.

2. Petitioner's deferred adjudication order became final on **May 21, 2018**, when the 30-day period to file a notice of appeal expired. Tex. R. App. P. 26.2(a)(1); Tex. R. Civ. P. 4; *see Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002) (finality determined by when time for filing further appeals expires).

3. The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

4. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

5. Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to petitioner's conviction becoming final.

6. The 1-year period of limitation in this case began on the date on which petitioner's judgment became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

7. Petitioner's federal habeas corpus petition was thus due on or before **May 21, 2019**, unless statutorily or equitably tolled.

8. Petitioner has not filed a state habeas application and thus the limitations period has not been statutorily tolled.

9. Petitioner has not argued, much less demonstrated, he is entitled to any periods of equitable tolling.

10. Petitioner's federal habeas corpus application, filed **November 18, 2019** when it was placed in the county jail mailing system, was filed after the expiration of the statute of limitations and **is time barred**.

11. Although petitioner has possibly asserted an actual innocence exception to the time bar, he has failed to demonstrate actual innocence by presenting new reliable evidence not previously presented showing it is more likely than not that no reasonable trier of fact would have convicted petitioner in light of the new evidence.

Therefore, for the above and for the reasons set forth in respondent's Preliminary Answer filed February 27, 2020 [ECF 25], the undersigned United States Magistrate Judge concludes petitioner's application for a federal writ of habeas corpus is time barred and should be denied.[5]

V.

---

[5] Having found petitioner is time barred from challenging the proceedings resulting in the *Order Deferring Adjudication*, the undersigned does not address the issue of whether petitioner's federal habeas application should be dismissed for failure to exhaust state court remedies.

## DISCREPANCY IN OFFENSE CHARGED ISSUE

Although not properly raised as a ground in either his initial or amended pleadings, the undersigned briefly addresses petitioner's defensive claim, raised in his reply to respondent's answer, that this state criminal prosecution should be "barred" or case dismissed because the Gray County Sherriff's Office falsified documents "in the beginning of this case" resulting in a purported fatal variance between the offense of which he was initially charged and the offense to which he pleaded guilty. Specifically, as noted previously, petitioner contends there is a fatal discrepancy between the Theft offense charged in the form order completed by the Justice of the Peace at his initial appearance, to-wit: Theft (of property, grave, human corpse or military marker), and the "Theft from Person" offense with which he was ultimately charged, and to which he pled, in the Information.

As correctly explained in respondent's sur-reply [ECF 31], and as initially referenced in footnote 1, *supra*, there is no fatal variance or discrepancy in the Theft offenses charged. Section 31.03(e)(4)(B) of the Texas Penal Code classifies a Theft offense as a state jail felony if "the property is stolen from the person of another or from a human corpse or grave, including property that is a military grave marker" regardless of the value of the property stolen. While the notice of the charge from the Justice of the Peace may have failed to include theft of property "from person" as one of the additional qualifying circumstances constituting a state jail felony theft offense, it is clear that petitioner was properly notified he was being charged with a state jail felony level theft offense. Petitioner subsequently was properly charged in the Information and pleaded guilty to the Theft from Person charge, a state jail felony level theft offense. Petitioner has not demonstrated he was not fully aware of the charge against him, nor has he shown any malfeasance on the part of the Gray County Sheriff's Office or prosecutor's office under these circumstances. Regardless, petitioner has not properly or timely raised this issue and further discussion is not warranted.

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner SCOTT EARL JOHNSON, JR. be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 7, 2020.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal

conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).